IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

    **Plaintiff,**

    v.                                              **CASE NO. 22-3288-JWL-JPO**

**ACE BAIL BONDS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Christopher Coty Maier is a state prisoner currently housed at Douglas County Jail in Lawrence, Kansas. He filed this § 1983 action against Ace Bail Bonds and Steven Robson, alleging that they committed robbery, embezzlement, theft, breach of contract, and money laundering. (Doc. 1.)

On November 8, 2022, the Court entered an Order explaining that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g), so he is ineligible to proceed in forma pauperis unless he establishes a threat of imminent danger of serious physical injury. (Doc. 2, p. 1.) The Court had examined the complaint and attachments and found no showing of imminent danger of serious physical injury. Thus, the Court granted Plaintiff until December 8, 2022, to submit the $402.00 filing fee. *Id.* at 2. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." *Id.* That deadline has now passed and Plaintiff has failed to pay the $402.00 filing fee or file anything further in this matter.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to

comply with the Federal Rules of Civil Procedure or 'a court order." *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed without Plaintiff doing so. As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with a court order.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

Dated on this 12th day of December, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge